DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, William Pickett, appeals from his convictions and sentence in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On November 21, 2005, Officer Justin Morris and his partner Officer Brian Cresswell were on patrol in Akron. Officer Cresswell then executed a traffic stop on a suspicious vehicle that had abruptly pulled into a driveway. When the vehicle came to a stop, an individual ran from the passenger side of the car. Officer Morris immediately began pursuing the fleeing individual. During this pursuit, the suspect began removing money from his pockets and throwing it *Page 2 
to the ground. Officer Morris also witnessed the suspect throw something else from his pockets during the chase near 37 Vesper Street. Office Morris continued the pursuit, eventually arresting the suspect and identifying him as appellant. Officer Morris also re-walked the path of his pursuit of appellant. On the lawn of 37 Vesper Street, a baggie containing 84 grams of cocaine was recovered.
 {¶ 3} As a result of the above, appellant was indicted on the following charges: one count of possession of drugs in violation of R.C.2925.11; one count of tampering with evidence in violation of R.C.2921.12; and one count of obstructing official business in violation of R.C. 2921.31. In a supplemental indictment, appellant was charged with the following: one count of criminal gang activity in violation of R.C.2923.42; and one count of trafficking in drugs in violation of R.C.2925.03(A)(2). Appellant pled not guilty to the charges and the matter proceeded to a jury trial.
 {¶ 4} On August 18, 2006, a jury found appellant guilty of possession of drugs, tampering with evidence, and obstructing official business. Appellant was acquitted of the remaining charges. On August 22, 2006, the trial court sentenced appellant to five years incarceration for possession of drugs, two years incarceration for tampering with evidence, and one year incarceration for obstructing official business. Appellant's sentences for possession of drugs and tampering with evidence were ordered to be served consecutively, causing appellant's aggregate sentence to be seven years incarceration. Appellant timely *Page 3 
appealed his conviction for tampering with evidence, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITAL PURSUANT TO RULE 29 WITH RESPECT TO THE TAMPERING WITH EVIDENCE CHARGE; AND THE JURY VERDICT ON THAT CHARGE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In his sole assignment of error, appellant asserts that the State produced insufficient evidence to support his conviction for tampering with evidence and that his conviction on that count was against the manifest weight of the evidence. This Court disagrees.
 {¶ 6} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore: *Page 4 
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
In State v. Roberts, this Court explained:
 "[Sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. (Emphasis omitted).
Accordingly, we address appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 7} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the *Page 5 
conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 8} Appellant was convicted of tampering with evidence in violation of R.C. 2921.12(A)(1) which provides as follows:
 "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]"
On appeal, appellant concedes that he knew that an official proceeding or investigation was in progress when the alleged acts took place. Accordingly, the first element of tampering with evidence is not at issue.
 {¶ 9} Appellant, however, asserts that the State failed to prove that he altered, destroyed, or removed something with the purpose to impair its availability as evidence. This Court disagrees.
 {¶ 10} Officer Morris testified as follows with regards to the tampering with evidence charge. Officer Morris' partner, Officer Cresswell executed a traffic stop in North Akron. As soon as the suspect car came to stop, appellant emerged from the passenger's seat and fled the scene. Office Morris immediately began pursuing appellant, screaming for him to stop. During the chase, appellant began removing money from both of his pockets and throwing it on the ground. *Page 6 
Officer Morris also testified that he witnessed appellant throw "something" to the ground "just west of 37 Vesper" during the pursuit. Once appellant was apprehended, the resident of 37 Vesper pointed out a large bag of drugs that were in her yard that had not been there previously.
 {¶ 11} On appeal, appellant asserts that his act of removing the evidence from his person does not support a tampering with evidence charge. Specifically, appellant asserts that there "is no indication that Appellant tried to throw evidence behind a bush, or even into tall grass in effort to conceal it." We find appellant's argument unpersuasive.
 {¶ 12} Appellant removed evidence from his person over a several block area while attempting to elude the police. As such, Officer Morris was forced to walk the entire route of the pursuit after appellant's arrest in an effort to retrieve evidence. During this walk, Officer Morris had to inform local residents to avoid the crime scene so that all of the evidence, including the cash which appellant had scattered, could be retrieved.
 {¶ 13} Like our sister courts, this Court finds that appellant's actions constituted tampering with evidence. See State v. Salaam, 1st Dist. No. C-020324, 2003-Ohio-1021, at ¶ 6 (holding that "evidence of a defendant seen throwing away a bag of illegal drugs while fleeing from police is sufficient to establish the elements of the offense of tampering with evidence"). See also State v. Moore (Dec. 7, 2001), 2d Dist. No. 2001 CA 2; State v. Ross, 2d Dist. No. 19036, 2002-Ohio-6084 *Page 7 
(each upholding a conviction for tampering with evidence when the defendant threw a bag of drugs to the ground when approached by officers); State v. Farr, 10th Dist. No. 02AP-167, 2002-Ohio-5523 (finding that the actions of throwing drugs from a moving vehicle during a police pursuit constitute tampering with evidence). Accordingly, this Court concludes that appellant's conviction for tampering with evidence was not against the manifest weight of the evidence.
 {¶ 14} Having disposed of appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. SeeRoberts, supra. Appellant's sole assignment of error is overruled.
 III. {¶ 15} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 8 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
SLABY, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1